UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00104-FDW-DSC

| | |
|---|---|
| WILLIAM BRANDON WILKERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SEQUIUM ASSET SOLUTION, LLC, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant Sequium Asset Solutions, LLC's ("**Sequium**") Motion for Summary Judgment, (Doc. No. 32), and the parties' Joint Motion to Continue Docket Call/Trial, (Doc. No. 37). The motions are now ripe and, for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Sequium's Motion for Summary Judgment and GRANTS the parties' Motion to Continue.

Summary judgment is appropriate if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the burden shifts and the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n.11 (1986) (quoting Fed. R. Civ. P. 56(e)). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

First, the Court DENIES Sequium's Motion for Summary Judgment to the extent it seeks dismissal of Plaintiff's claim for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("**FCRA**"). After a thorough review of the record, it is clear to the Court a material dispute exists as to whether Sequium reported inaccurate information to certain credit reporting agencies and whether Sequium conducted a reasonable investigation into the alleged debt. Therefore, because the parties' opposing facts and interpretations of the dealings that transpired among them warrants resolution by a jury, Sequium is not entitled to judgment as a matter of law on Plaintiff's FCRA claim at this juncture. The Court accordingly DENIES Sequium's Motion for Summary Judgment to the extent it seeks judgment in its favor as to Plaintiff's FCRA claim.

Next, the Court turns to Plaintiff's claims under the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70-1 *et seq.* (the "**NCCAA**"). In his Amended Complaint, Plaintiff asserts two causes of action pursuant to the NCCAA based solely on his assertions that "Sequium made the false accusation to another person, including a credit reporting agency, that the Plaintiff had not paid or refused to pay a just debt… [in] violation of N.C. Gen. Stat § 58-70-95(3)," (Doc. No. 28, p. 14), and "falsely represented the character, extent, or amount of a debt against the Plaintiff… [in] violation of N.C. Gen. Stat. § 58-70-110(4)," id. at 15. Sequium now asserts, and the Court agrees, that because each of Plaintiff's NCCAA claims are based on an alleged failure to accurately report or correct information on Plaintiff's credit report, these claims are preempted by the FCRA. (Doc. No. 32-9, p. 12). The FCRA clearly provides that "[n]o requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under … section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies…." 15 U.S.C. § 1681t(b)(1)(F). Despite Plaintiff's assertion otherwise, this Court, and

other courts in the Fourth Circuit, have consistently held that § 1681t(b)(1)(F) preempts claims under the NCCAA. See *e.g.*, Davis v. Trans Union, LLC, 526 F.Supp.2d 577 (W.D.N.C. 2007); Misel v. Green Tree Servicing, LLC, 728 F. Supp. 2d 171 (E.D.N.C. 2011). In response, Plaintiff confusingly asserts that the claims are "debt collection claims, not credit reporting claims" and are therefore not preempted by the FCRA. (Doc. No. 35, pp. 15-18). The Court respectfully disagrees and finds Sequium's status as a debt collector immaterial to whether Plaintiff's NCCAA claims "relat[e] to the responsibilities of persons who furnish information to consumer reporting agencies" – in this case, Sequium. See 15 U.S.C. § 1681t(b)(1)(F). Accordingly, the Court finds that the FCRA preempts Plaintiff's state law claims under the NCCAA and Defendant is entitled to judgment as a matter of law as to these claims. Defendant's Motion for Summary Judgment is therefore GRANTED IN PART, to the extent it seeks dismissal of Plaintiff's NCCAA claims.

Finally, the Court notes Plaintiff, in his response brief, withdraws his conversion claim against Sequium. (Doc. No. 35, p. 18). Because discovery in this matter has now closed and Plaintiff has presented no evidence that he made payment to Sequium or that Sequium ever received payment for the alleged debt, the Court DISMISSES Plaintiff's conversion claim with prejudice. See Taylor v. Bettis, 976 F. Supp. 2d 721, 743 (E.D.N.C. 2013 (citing Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 723 S.E.2d 744, 747 (N.C. 2012) ("The North Caroline Supreme Court has stated that '[t]he tort of conversion is well defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to one another, to the alteration of their condition or the exclusion of an owner's rights.")

IT IS THEREFORE ORDERED that Sequium's Motion for Summary Judgment, (Doc. No. 32), is GRANTED IN PART to the extent it seeks dismissal of Plaintiff's North Carolina statutory claims pursuant to N.C. Gen. Stat §§ 58-70-95(3) and 58-70-110(4) and Plaintiff's

conversion claim, and the Motion is otherwise DENIED IN PART. Plaintiff's NCCAA and conversion claims are therefore DISMISSED WITH PREJUDICE.

Because Plaintiff's Counsel has an in-person oral argument in front of the Fourth Circuit Court of Appeals on May 4, 2022, IT IS FURTHER ORDERED that the parties' Joint Motion to Continue Docket Call/Trial, (Doc. No. 37) is GRANTED. The Court hereby CONTINUES trial in this matter to the mixed term beginning July 11, 2022. The parties' jointly drafted Pretrial Submissions will be due July 1, 2022, and the Final Pretrial Conference for this matter will be held after docket call on July 11, 2022.

IT IS SO ORDERED.

Signed: April 26, 2022

Frank D. Whitney
United States District Judge