UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00104-FDW-DSC

| | |
|---|---|
| WILLIAM BRANDON WILKERSON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )      ORDER<br>) |
| SEQUIUM ASSET SOLUTIONS, LLC *et al*, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

THIS MATTER is before the Court on Plaintiff's Notice of Settlement, (Doc. No. 41), filed on July 6, 2022, wherein Plaintiff asserts the parties "have reached an agreement in principle to resolve this matter" and requests "all dates and deadlines and further activity be stricken pending the filing of the stipulation of dismissal." The Court interprets Plaintiff's request as a Motion to Stay Proceedings. This matter is docketed for trial beginning July 11, 2022, and, although it appears the parties will finalize the settlement process, the Court finds no sufficient basis under the current record to stay deadlines or continue trial. Accordingly, the Court DENIES Plaintiff's Motion to Stay Proceedings, (Doc. No. 41).

Counsel is hereby advised they are expected to appear for: (1) docket call at 9:00 a.m. on July 11, 2022; and (2) a pretrial conference immediately following docket call. (See Doc. No. 29). The parties' jointly prepared pretrial submissions required under the Case Management Order in this matter, (Doc. No. 20), shall be due July 8, 2022, which is as late as practicably possible given the trial setting in this matter. Of course, the parties can file their Stipulation of Dismissal any time, including prior to docket call, at which time the Court will remove this case from the trial

calendar and terminate the deadlines set forth herein.[1]

IT IS THEREFORE ORDERED that the deadlines in this matter will remain as previously set, beginning with docket call at 9:00 a.m. on July 11, 2022, except that the parties' jointly proposed pretrial submissions shall now be due July 8, 2022.

IT IS SO ORDERED.

Signed: July 6, 2022

Frank D. Whitney
United States District Judge

---

[1] The Court notes, however, that the Case Management Order in this case provides:
> Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs (including Marshal's fees, mileage reimbursement, and per diem fees) equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against them.

(Doc. No. 20, p. 14). The stipulation of dismissal, if filed on July 8, 2022, must therefore by filed no later than 11:00 a.m. that day to give the Clerk of Court sufficient time during the business day to advise the jurors who are selected that they need not appear for trial on July 11, 2022.